BISHAWAITI v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term. March 21, 1905.)

CONNECTING CARRIERS—SHIPMENT BEYOND INITIAL CARRIER'S LINE—LIABILITY.

The mere receipt of goods marked for a place beyond the terminus of the initial carrier's route does not import a contract to carry them to destination, but in the absence of special contract the initial carrier is only responsible to the extent of its own route, and for safe delivery to the succeeding carrier.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 779, 781.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by A. K. Bishawaiti against the Pennsylvania Railroad Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Robinson, Biddle & Ward (Norman B. Beecher, of counsel), for appellant.

Charles E. Le Barbier, for respondent.

PER CURIAM. The well-established rule in this state is that the mere receipt of goods marked for a place beyond the terminus of the carrier's route does not import a contract to carry them to their final destination, but that in the absence of a special contract the carrier is only responsible to the extent of his own route, and for safe delivery to the next connecting carrier. Root v. Great Western R. R., 45 N. Y. 524. A carrier may, indeed, make a special contract for through transportation, but the burden of such a contract rests upon the plaintiff who seeks to enforce it. In the present case not only is there no proof of such a contract, but the shipping receipt contains a special clause exempting the first carrier from liability beyond its own lines. It appears by stipulation that the defendant railroad company safely delivered the goods to the

next connecting carrier on the route to final destination. On the proof as it stood, the defendant should have succeeded.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.